[Cite as *State v. Burnap*, 2012-Ohio-2047.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 11CAC090086 |
| CHRISTOPHER BURNAP | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from Delaware Municipal Court, Case No. 11-TRC-06680

JUDGMENT:      Reversed and Dismissed

DATE OF JUDGMENT ENTRY:      May 7, 2012

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

ELIZABETH A. MATUNE
Assistant Prosecuting Attorney
Delaware City Prosecutor
70 North Union Street
Delaware, Ohio 43015

WILLIAM T. CRAMER
470 Olde Worthington Road, Suite 200
Westerville, Ohio 43082

*Hoffman, J.*

{¶1} Defendant-appellant Christopher Burnap appeals the August 8, 2011 Judgment Entry entered by the Delaware County Court of Common Pleas denying his motion to suppress evidence.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On June 4, 2011, an employee of a gas station called the Delaware Police Department reporting a customer at the gas station appeared to be intoxicated.  The caller related the customer was driving a white truck, and provided a license plate number, indicating the truck was travelling north on Route 23.

{¶3} Officer James Ailes of the Delaware Police Department responded to the call.  Ailes then spotted a white truck with the matching license plate number at a carry-out window of a McDonald's Restaurant.  The truck's engine was running.  A second officer arrived at the scene, as did the gas station employee, who indicated the white truck was the customer she had called to report.

{¶4} Officer Ailes then caught the attention of the truck's driver, indicating to the driver to pull over to an area in the parking lot.  The driver was alone in the vehicle and promptly complied. Following the incident, Appellant was charged with operating a vehicle while intoxicated.

{¶5} Appellant filed a motion to suppress the evidence flowing from his encounter with Officer Ailes, claiming the officer lacked reasonable suspicion to justify the stop.  The trial court conducted a hearing on the motion to suppress, ultimately overruling the motion.

{¶6} Appellant entered a plea of no contest to the charge. The trial court accepted the plea, finding Appellant guilty of the charge and imposing a sentence accordingly.

{¶7} Appellant now appeals, assigning as error:

{¶8} "I. THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT BY REFUSING TO SUPPRESS EVIDENCE OBTAINED DURING A TRAFFIC STOP AFTER THE STATE FAILED TO PRESENT SPECIFIC, ARTICULABLE FACTS TO SUPPORT A REASONABLE SUSPICION OF CRIMINAL ACTIVITY."

{¶9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: *State v. Klein*, 73 Ohio App.3d 486 (1991), *State v. Guysinger*, 86 Ohio App.3d 592 (1993). Second, an appellant may argue the trial court failed to apply the correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: *State v. Williams*, 86 Ohio App.3d 37 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law, an appellant may argue the trial court has incorrectly applied the law in deciding the ultimate or final issue raised in the motion to suppress. In reviewing this type of claim, an appellate court must give deference to the trial court and is governed by an abuse of discretion standard; i.e., it must determine whether the trial court's subjective determination of the ultimate issue in the case was unreasonable, arbitrary or

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983). It is with this framework in mind that we address the appellant's first and second assignments of error.

{¶10} "An investigative stop does not violate the Fourth Amendment to the United States Constitution if the police have reasonable suspicion "the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez* (1981), 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621. Reasonable suspicion can arise from information that is less reliable than that required to show probable cause. *Alabama v. White* (1990), 496 U .S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301. But it requires something more than an "inchoate and unparticularized suspicion or 'hunch'." *Terry v. Ohio* (1968), 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889. "[T]he Fourth Amendment requires at least a minimal level of objective justification for making the stop." *Illinois v. Wardlow* (2000), 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570.

{¶11} "Where the information possessed by the police before the stop was solely from an informant's tip, the determination of reasonable suspicion will be limited to an examination of the weight to be given the tip and the reliability of the tip." *Id.* at 299, 720 N.E.2d 507. Courts have generally identified three classes of informants: the anonymous informant, the known informant from the criminal world who has provided previous reliable tips, and the identified citizen informant. *Id.* at 300, 720 N.E.2d 507. An identified citizen informant may be highly reliable, and therefore a strong showing as to other indicia of reliability may be unnecessary. *Id.* Thus, courts have routinely credited the identified citizen informant with greater reliability. *Id.*

**{¶12}** The Tenth District Court of Appeals addressed the issue presented herein in *State v. Brant,* 2001-Ohio 3994:

**{¶13}** "In this case, we must determine if Officer Fraley had a reasonable suspicion, based on articulable facts, to stop Brant's vehicle. Brant argues that Officer Fraley lacked sufficient information to justify a *Terry* stop. In particular, Brant argues that the officer had no personal knowledge which would lead him to believe that Brant was violating the law. Specifically, Brant contends that the facts provided by Mr. Bunting, even if known to Officer Fraley, were not sufficient enough to demonstrate a reasonable and articulable suspicion that Brant was engaged in unlawful behavior. We agree.

**{¶14}** "This court has previously held that 'the simple corroboration of neutral details describing the suspect or other conditions existing at the time of the tip, without more, will not produce reasonable suspicion for an investigatory stop.' *State v. Ramsey* (Sept. 20, 1990), Franklin App No. 89AP-1298, unreported. 'A tip which standing alone would lack sufficient indicia of reliability may establish reasonable suspicion to make an investigatory stop if it is sufficiently corroborated through independent police work.' *Id; Adams v. Williams* (1972), 407 U.S. 143, 147 (when a tip lacks an indicia of reliability, further investigation is required before an investigatory stop of the suspect's vehicle will be authorized)."

**{¶15}** "***

**{¶16}** "Careful review of the record indicates that although the tip was reliable, it lacked sufficient information to provide reasonable suspicion that Brant was operating a motor vehicle while under the influence of alcohol. Mr. Bunting provided the Grove City Police Department dispatcher with the color of Brant's vehicle along with the license

plate number. Mr. Bunting also indicated that Brant was honking his horn for ten minutes, his shirt was on backwards and inside out and his speech was very slow. While it is not clear if the dispatcher relayed all of this information to Officer Fraley, Mr. Bunting nonetheless failed to indicate that he witnessed any traffic violations, unlawful behavior, or evidence of impaired driving. Additionally, even though Officer Fraley attempted to further investigate the tip, his independent police work proved to be fruitless. If Officer Fraley had observed erratic driving, then sufficient indicia of reliability would have been present to conduct the investigatory stop. Under the totality of the circumstances, Officer Fraley lacked a reasonable and articulable suspicion to stop Brant's vehicle. *Ramsey, supra.* Since Officer Fraley's personal observations failed to confirm Mr. Bunting's belief that Brant was intoxicated, we believe that Brant's Fourth Amendment rights were violated and, as such, Brant's sole assignment of error is well-taken and is sustained."

{¶17} In the case sub judice, on cross-examination at the suppression hearing, Officer Ailes testified:

{¶18} "Q. Officer, when you - - you indicated that you received information from a caller directly to you, correct?

{¶19} "A. No, the caller called dispatch.  Dispatch did send me.

{¶20} "Q. Okay.  And the information was that there was not [sic] an intoxicated person at the Sunoco, correct?

{¶21} "A. Correct.

{¶22} "Q. That's the only information that you got?

{¶23} "A. I got - - I got the report that an intoxicated driver was leaving Sunoco.

**{¶24}** "Q. Okay. And that's it, right, they described the person as intoxicated?

**{¶25}** "A. That's it.

**{¶26}** "Q. No information what they had to drink or anything about them, correct?

**{¶27}** "A. Correct.

**{¶28}** "Q. Okay. So actually it was the dispatcher who talked to this caller, correct?

**{¶29}** "A. Correct.

**{¶30}** "Q. And the dispatcher is an officer with your department, correct?

**{¶31}** "A. I'm sorry, say that again.

**{¶32}** "Q. The dispatcher would be an officer with your police department?

**{¶33}** "A. Yes, the dispatcher works for the police department, yes.

**{¶34}** "Q. Delaware city Police Department?

**{¶35}** "A. Delaware City Police."

**{¶36}** "* * *

**{¶37}** "Q. And you never directly talked to the person from Sunoco, correct?

**{¶38}** "A. Correct."

**{¶39}** Tr. at 9-10, 15.

**{¶40}** Here, the gas station attendant reported to the police dispatch her opinion a driver was intoxicated. The attendant did not indicate bad driving or inappropriate activity or behavior in Appellant while operating his motor vehicle. The attendant did not indicate any personal interaction with the driver or establish any personal experience as foundation for forming an opinion the driver was intoxicated. While the citizen informant was reliable, we find the conclusory information provided was insufficient to justify an

investigatory stop in the absence of any observations by Officer Ailes to demonstrate Appellant was committing an offense.

{¶41} Accordingly, we conclude the trial court erred in denying Appellant's motion to suppress.

{¶42} The judgment of the Delaware Municipal Court is reversed and the charge ordered dismissed.

By: Hoffman, J.

Gwin, P.J. concurs,

Farmer, J. dissents

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER

Farmer, J., dissents

{¶43} I respectfully dissent from the majority's view that the information from the citizen informer was insufficient to justify an investigatory stop of appellant.

{¶44} Despite the majority's reliance on the dicta in the *Brant* case, I would find the information provided by a neutral and unbiased observer of an intoxicated person driving a specific vehicle was sufficient for the police to initiate an investigatory stop. I find no difference between this stop and a DUI checkpoint stop and I would affirm the trial court's denial of the motion to suppress.

s/ Sheila G. Farmer
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                      :
                                               :
-vs-                                           :               JUDGMENT ENTRY
                                               :
CHRISTOPHER BURNAP                             :
                                               :
    Defendant-Appellant                     :               Case No. 11CAC090086


For the reasons stated in our accompanying Opinion, the judgment of the

Delaware Municipal Court is reversed and the charge against Appellant is ordered

dismissed.  Costs waived.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER