[Cite as *State v. Curran*, 2016-Ohio-8502.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No.      16CA0021-M |
|---|---|
|     Appellee | |
|     v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEVEN CURRAN | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
|     Appellant | CASE No.     15 TRC 06318 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2016

CARR, Presiding Judge.

{¶1}   Appellant, Steven Curran, appeals the judgment of the Medina Municipal Court. This Court affirms.

I.

{¶2}   This matter arises out of a traffic accident that occurred in Medina Township, Ohio, on September 5, 2015.  Curran was charged with two counts of operating a vehicle under the influence of alcohol ("OVI").  Curran pleaded not guilty to the charges at arraignment. Curran subsequently filed a motion to suppress, arguing that all evidence flowing from his encounter with police should be suppressed because he was detained illegally.  After a hearing, the trial court denied the motion on December 29, 2015.  Curran entered a plea of no contest to one count of OVI in violation of R.C. 4511.19(A)(1)(a).  The remaining count was dismissed. The trial court found Curran guilty and imposed a 180-day jail sentence, 170 days of which were

suspended under the condition that Curran complete one year of probation. Curran's driver's license was also suspended and he received a $1000 fine.

{¶3}    On appeal, Curran raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS.

{¶4}    In his sole assignment of error, Curran contends that the trial court erred in denying his motion to suppress. This Court disagrees.

{¶5}    A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id*., citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

## Background

{¶6}    Officer Justin Harvey of the Medina Township Police Department was the only witness to testify at the suppression hearing. On the evening of September 5, 2015, Officer Harvey received a call regarding a car accident in the parking lot of the Thirsty Cowboy, a bar in Medina Township. Officer Harvey responded to the scene and found several people in the parking lot. The officer made contact with a man who indicted that while he was patronizing the

bar, another man had backed his vehicle in the complainant's parked vehicle. Officer Harvey then spoke to Curran, who acknowledged that he struck a vehicle while attempting to back into a parking spot. According to Officer Harvey, Curran "misjudged the space that he had and the angle, and struck the other vehicle in the rear." During the course of their conversation, Officer Harvey noticed that the odor of alcohol was emanating from Curran's person, and that Curran's eyes were "fairly glassy." When asked if he had been drinking, Curran told the officer that he had consumed one beer. Curran left work at approximately 10:00 p.m. and drove straight to Buffalo Wild Wings, which was roughly two miles from his place of employment. Curran later drove less than a mile from Buffalo Wild Wings to the Thirsty Cowboy, where he was involved in the accident. Officer Harvey encountered Curran at around 12:30 AM. Given the fact that Curran was involved in an accident and was exhibiting signs of impairment, Officer Curran administered a series of field sobriety tests. Based on his observations of Curran, Curran's performance on the field sobriety tests, and Curran's refusal to take a portable breath test, Officer Harvey placed Curran under arrest for operating a vehicle while under the influence of alcohol.

{¶7} At the suppression hearing, Curran argued (1) that the officer lacked the reasonable suspicion necessary for the initial detention; (2) that the officer lacked the reasonable suspicion necessary for a continued detention after his initial suspicion; and (3) that the officer lacked probable cause to arrest Curran. In denying Curran's motion to suppress, the trial court emphasized that Officer Harvey had consensual conversations with both parties involved in the car accident. The trial court concluded that these conversations were the type of lawful, consensual encounters contemplated by the United States Supreme Court in *Florida v. Royer*, 460 U.S. 491, 497 (1983). The trial court further concluded that, based on his observations of Curran during their conversation, coupled with the fact that Curran was involved in an accident,

Officer Harvey was justified in further detaining Curran in order to perform the field sobriety tests. Finally, the trial court determined that in light of Officer Harvey's observations and Curran's performance during the field sobriety test, there was probable cause to place Curran under arrest for operating a vehicle while under the influence of alcohol.

### Discussion

{¶8} On appeal, Curran contends that the trial court's analysis failed to account for crucial parts of Officer Harvey's testimony at the suppression hearing. Curran maintains that when cognizant of these facts omitted from the trial court's analysis, there was not an adequate legal basis to justify his detention and subsequent arrest.

{¶9} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution enunciate the right of persons to be free from unreasonable searches and seizures. These constitutional protections prohibit unreasonable searches and seizures, not every search and seizure. It is well settled that a "minimal intrusion of simple questioning of a person not in custody does *not* constitute a 'seizure' requiring Fourth Amendment protection." (Emphasis in original.) *State v. Robinette*, 80 Ohio St.3d 234, 240 (1997), citing *Royer*, 460 U.S. 491. "The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case." *Id*. at 500. A brief detention is warranted when circumstances arise where an officer can "'point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *State v. Sammons*, 9th Dist. Summit No. 25164, 2010-Ohio-5731, ¶ 3, quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968). "[T]he officer may also continue the detention should new facts be discovered which may ultimately rise to the level of probable cause to continue the seizure[.]" *State v. Jones*, 9th Dist.

Lorain No. 12CA010270, 2013-Ohio-2375, ¶ 26, citing *Berkemer v. McCarty*, 468 U.S. 420, 439-440 (1984).

{¶10} Curran's argument focuses on a series of facts that were not discussed by the trial court in its journal denying the motion to suppress. Curran emphasizes that Officer Harvey never observed the accident himself, nor did he make contact with the individuals who initially reported the incident to dispatch. Officer Harvey was also unable to precisely recall how long it took him to arrive at the Thirsty Cowboy after receiving the call from dispatch. Because Officer Harvey acknowledged that he did not speak to Curran until approximately 35 minutes after he arrived on the scene, Curran suggests that there was "ample time for the [him] to have drinks at the establishment before he was confronted by Officer Harvey." Finally, Curran stresses that there were no witnesses at the scene who observed him behave in a way that suggested he had been drinking, and that Officer Harvey was not suspicious that Curran was under the influence of alcohol until after the administration of the field sobriety tests.

{¶11} Though Curran highlights several portions of Officer Harvey's testimony in support of the proposition that Curran was not under the influence at the time of the accident, and perhaps not even responsible for the accident at all, we are mindful that this Court "must [] accept the trial court's findings of fact if they are supported by competent, credible evidence." *State v. Lindow*, 9th Dist. Summit No. 27417, 2016-Ohio-913, ¶ 6, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5371, ¶ 8. While a trial court is required to make findings of fact in ruling on a motion to suppress, this Court recently noted that a trial court does not commit reversible error on every occasion in which certain facts present in the record are omitted from its findings of fact. *State v. Trivett*, 9th Dist. Medina No. 15CA0041-M, 2016-Ohio-8204, ¶ 8.

{¶12} Here, Officer Harvey testified that Curran himself admitted to causing the accident after driving from Buffalo Wild Wings to the Thirsty Cowboy. The officer further testified that the odor of alcohol was emanating from Curran's person and that Curran's eyes were "fairly glassy," which was consistent with someone being under the influence of alcohol. To the extent that Curran challenges that veracity of this testimony, we note that the trial court was in the best position to evaluate the credibility of the witnesses. *State v. Ross*, 9th Dist. Medina No. 15CA0021-M, 2016-Ohio-7082, ¶ 3, citing *Burnside* at ¶ 8. Moreover, Curran's contention that Officer Harvey lacked any kind of suspicion that Curran had been drinking prior to the field sobriety tests is not supported by the officer's testimony. When asked when he decided to perform the field sobriety tests, Officer Harvey responded, "After [Curran] admitted that he was the one driving during the accident, and I observed the odor of alcoholic beverage, and [] he admitted that he consumed alcoholic beverages prior." Under these circumstances, Curran cannot prevail on his contention that the trial court's factual findings were not supported by the record.

{¶13} Curran also relies on the Fifth District's decisions in *State v. Langston*, 5th Dist. Guernsey No. 2006-CA-24, 2007-Ohio-4383, and *State v. Burnap*, 5th Dist. Delaware No. 11CAC090086, 2012-Ohio-2047, for the proposition that a responding officer has no basis to detain or arrest a motorist when the officer is unable to verify the allegations in the initial report to police. This case is factually distinguishable from *Langston* and *Burnap* in numerous respects. In addition to the fact that the responding officer was able to confirm that Curran was responsible for striking another vehicle, Curran admitted that he had consumed alcohol, and Officer Harvey observed that Curran's eyes were glassy and that he smelled of alcohol. Under these circumstances, the officer was justified in conducting a brief detention to determine whether

Curran was under the influence of alcohol. *See State v. Sunday*, 9th Dist. Summit No. 22917, 2006-Ohio-2984, ¶ 31. When Curran displayed several signs of impairment on the ensuing field sobriety tests, and then refused to take a portable breath test, probable cause existed to place Curran under arrest for operating a vehicle while under the influence of alcohol. *See Sunday* at ¶ 33. It follows that Curran's contention regarding the propriety of his detention and subsequent arrest is without merit.

{¶14} Curran's assignment of error is overruled.

III.

{¶15} Curran's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

KENNETH J. LEWIS, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.