[Cite as *State v. Hopp*, 2016-Ohio-8027.]

STATE OF OHIO       )            IN THE COURT OF APPEALS
                          )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| STATE OF OHIO | C.A. No. 28095 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEVEN HOPP | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 15 TR 12557 |

DECISION AND JOURNAL ENTRY

Dated: December 7, 2016

---

MOORE, Presiding Judge.

{¶1}    The Defendant, Steven Hopp, appeals from the judgment of the Akron Municipal Court. This Court reverses and remands this matter for further proceedings consistent with this decision.

I.

{¶2}    On July 17, 2015, officers from the Summit County Sheriff's Office stopped Mr. Hopp at a sobriety checkpoint. After conducting field sobriety tests and a breathalyzer test, the officers ultimately cited Mr. Hopp for OVI in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d). Mr. Hopp pleaded not guilty, and thereafter he filed a motion to suppress evidence. After a hearing, the trial court granted the motion to suppress with respect to the results of the field sobriety tests conducted on Mr. Hopp, but it denied the motion to suppress in all other respects. Thereafter, Mr. Hopp changed his plea to no contest. The trial court found Mr. Hopp guilty and imposed sentence.

{**¶3**}   Mr. Hopp timely appealed from the sentencing entry, and he now presents three assignments of error for our review.  We have re-ordered and consolidated certain assignments of error in order to facilitate our review.

II.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT FOUND THAT OFFICERS HAD PROBABLE CAUSE TO ARREST [MR. HOPP] FOR OPERATING A VEHICLE WHILE INTOXICATED[.]

{**¶4**}   In his second assignment of error, Mr. Hopp argues that the trial court erred in concluding that the officers had probable cause to arrest Mr. Hopp for OVI.

> Appellate review of a motion to suppress presents a mixed question of law and fact.  When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.  Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.  Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.)   *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  *Accord State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, ¶ 6 (*Burnside* applied).  Mr. Hopp has raised no challenge to the following facts, relevant to our discussion of probable cause, which the trial court accepted in its analysis.

{**¶5**}   At the suppression hearing, Deputy Brian Breeden of the Summit County Sheriff's Office, testified that, on July 17, 2015, he was working at a sobriety checkpoint on West Market Street in Akron, Ohio.  Mr. Hopp arrived at the checkpoint, and Deputy Breeden asked Mr. Hopp for his driver's license.  At that point, the Deputy smelled a strong odor of alcohol coming from Mr. Hopp's car.  The deputy told Mr. Hopp that he wanted to do further testing on Mr. Hopp to determine if he was impaired, and the deputy asked Mr. Hopp to exit his

car to perform field sobriety tests. After performing the tests, the deputy determined that Mr. Hopp was impaired and he escorted him to Deputy Cuckler to do BAC testing.

{¶6} On cross-examination, Deputy Breeden acknowledged that he saw no indications of impaired driving when Mr. Hopp approached the checkpoint. Prior to performing the field sobriety tests, the deputy recalled that Mr. Hopp spoke with slightly slurred speech. Mr. Hopp had also indicated to Deputy Breeden that Mr. Hopp had a couple of scotches, and the deputy observed that Mr. Hopp had bloodshot eyes.

{¶7} Although not explicitly stated in Deputy Breeden's testimony, from the manner in which the parties have framed their arguments, it appears that they agree that, once Deputy Breeden determined that Mr. Hopp had failed the field sobriety tests, he placed him under arrest. In its journal entry, the trial court determined that the results of the field sobriety tests were to be suppressed because the State had failed to produce evidence pertaining to the NHTSA standards for conducting these tests. *See* R.C. 4511.19(D)(4)(b). However, the trial court further concluded that there existed probable cause to arrest Mr. Breeden without consideration of the results of the field sobriety tests.

{¶8} The standard for determining if there was probable cause to justify an arrest for OVI is whether, at the time of arrest, the officer had sufficient facts derived from a reasonably trustworthy source to cause a prudent person to believe the suspect was driving under the influence. *State v. Homan*, 89 Ohio St.3d 421, 427, 2000-Ohio-212, *superseded by statute on other grounds*, R.C. 4511.19(D)(4)(b). The law does not prohibit driving after drinking alcohol; instead, it prohibits driving when impaired by alcohol. *State v. Taylor*, 3 Ohio App.3d 197, 198 (1st Dist.1981) ("For better or worse, the law prohibits *drunken* driving, not driving after a drink.") (Emphasis sic.); R.C. 4511.19. The determination of probable cause to arrest an

individual for driving under the influence is based on the totality of the facts and circumstances surrounding the arrest. *Homan* at 427. "It is well settled that * * * 'it is possible to have a valid arrest for driving under the influence of alcohol even though the arresting officer has not actually observed the arrestee operating a vehicle in an erratic or unsafe manner.'" *State v. Snider*, 9th Dist. Medina No. 2924-M, 1999 WL 548975, *3, fn. 3 (July 28, 1999), quoting *State v. Finch*, 24 Ohio App.3d 38, 40 (12th Dist.1985); *Tallmadge v. Barker*, 9th Dist. Summit No. 24414, 2009-Ohio-1334, ¶ 17.

{¶9}   Here, Mr. Hopp maintains that his admission to drinking a couple of scotches that evening, the odor of alcohol on his person and his thick tongued speech and blood shot eyes did not establish probable cause to arrest him for an OVI.  Mr. Hopp maintains that these factors may indicate that he was drinking alcohol, but do not establish probable cause that he was impaired.

{¶10} When analyzing similar factors, the Twelfth District, in *Finch*, held that observations of the driver's appearance, smell of alcohol, slurred speech, and bloodshot eyes, were insufficient to constitute probable cause for arrest in that case because there was no indication that the defendant was impaired by his consumption of alcohol. *Id.* at 40. *Compare with State v. Hoffman*, 5th Dist. Licking No. 01 CA 22, 2001 WL 1131048, *1-3, 2001-Ohio-1378 (probable cause existed to arrest driver where the driver had glassy eyes, slurred speech, and an odor of alcoholic beverage, and had admitted to drinking three or four beers, where the officer observed the driver's truck traveling at a high rate of speed for the road conditions, and officer was advised by an informant that the driver had engaged in other erratic driving).

{¶11} Here, in concluding that there existed probable cause for the arrest, the trial court relied on *State v. Sunday*, 9th Dist. Summit 22917, 2006-Ohio-2984, where this Court concluded

that, although the trial court erred in finding that the officer had conducted field sobriety tests in substantial compliance with NHTSA guidelines, there existed probable cause for arrest. *Id.* at ¶ 25, 33. However, in that case, along with other factors indicative of OVI, the defendant was observed to have driven irregularly by crossing the center line, and he swayed while standing. *See id.* at ¶ 33. *See also State v. Walters*, 9th Dist. Medina No. 11CA0039-M, 2012-Ohio-2429, ¶ 11, 16 (probable cause existed for arrest for OVI where, among other factors, a half-naked woman was inside of the car of the defendant, who had parked at a random location and was outside of his car behaving oddly and acting visibly nervous when officer arrived). Unlike *Sunday* or *Walters*, here there was no indication of erratic driving or behavior, and there was little indication of physical impairment that would contribute to a conclusion that there was a reasonable probability that Mr. Hopp was impaired. Although we do not rule out that there could exist a case where the present factors of prior alcohol consumption, odor of alcohol, slurred speech, and bloodshot eyes, may exist in degrees sufficient to support a finding of probable cause, such was not the case here. Although the deputy smelled alcohol and Mr. Hopp's eyes were bloodshot, Mr. Hopp acknowledged having only a couple drinks, and Deputy Breeden stated that Mr. Hopp's speech was "slightly, slightly slurred. Not real bad, but slightly."

{¶12} Based upon the totality of facts and circumstances of this particular case, we conclude that there was not sufficient evidence to cause a prudent person to believe that Mr. Hopp was driving while impaired. Accordingly, we agree that the trial court erred in determining that there existed probable cause for Mr. Hopp's arrest, and we sustain Mr. Hopp's second assignment of error.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DETERMINED THAT [MR. HOPP] WAS PRECLUDED FROM CHALLENGING THE STRUCTURE OF THE OVI CHECKPOINT[.]

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT FOUND THAT [MR. HOPP'S] BREATH TEST SUBSTANTIALLY COMPLIED WITH R.C. 3701.143[.]

{¶13}  In his first assignment of error, Mr. Hopp argues that the trial court erred when it determined that Mr. Hopp did not sufficiently challenge the constitutionality of the sobriety checkpoint in his motion to suppress.  In his third assignment of error, Mr. Hopp argues that the trial court erred in concluding that that the breath test administered to Mr. Hopp substantially complied with the requirements of the Ohio Administrative Code.

{¶14}  We concluded above that the officers lacked probable cause to arrest Mr. Hopp. Based upon our resolution of the second assignment of error, Mr. Hopp's first and third assignments of error are moot, and we decline to address them.  *See* App.R. 12(A)(1)(c).

III.

{¶15}  Mr. Hopp's second assignment of error is sustained.  We do not reach the merits of Mr. Hopp's first and third assignments of error, as they have been rendered moot.  The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

CARLA MOORE
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JUSTIN M. WEATHERLY, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellee.