[Cite as *State v. Snider*, 2017-Ohio-2795.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO/CITY OF LORAIN | | C.A. No.  16CA010931 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER SNIDER | | LORAIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.  2014TRC04591 |

DECISION AND JOURNAL ENTRY

Dated: May 15, 2017

CALLAHAN, Judge

{¶1} Christopher Snider appeals his convictions from the Lorain Municipal Court. This Court affirms.

I.

{¶2} Mr. Snider was arrested for operating a vehicle under the influence of alcohol or drugs ("OVI") in violation of R.C. 4511.19(A)(1)(a), OVI refusal in violation of 4511.19(A)(2)(b), driving under OVI suspension in violation of 4510.14(A), and driving outside of marked lanes in violation of R.C. 4511.33. The matter proceeded through pretrial and discovery without the filing of a motion to suppress evidence. After a bench trial, the court found Mr. Snider guilty on all of the counts, except the OVI refusal.

{¶3} Mr. Snider appeals raising one assignment of error.

II.

ASSIGNMENT OF ERROR

APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO LITIGATE, PRIOR TO TRIAL, THE ADMISSIBILITY OF THE FIELD SOBRIETY TESTS. ACCORDINGLY, APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS, AS WELL AS HIS RIGHTS UNDER SECTION 10, ARTICLE I, OHIO CONSTITUTION.

{¶4} In his sole assignment of error, Mr. Snider contends his trial counsel was ineffective in failing to file a motion to suppress the field sobriety tests because, had a motion been filed, it would have been granted by the trial court.

{¶5} Failing to file a motion to suppress is not per se ineffective assistance of counsel. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000). As with other ineffective assistance of counsel claims, "a defendant 'must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different.'" *State v. Clayton*, 9th Dist. Summit No. 27352, 2015-Ohio-498, ¶ 25, quoting *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). "'A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other.'" *Clayton* at ¶ 25, quoting *Madrigal* at 389.

{¶6} Prejudice is shown when the defendant proves "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. "[O]nly an error by counsel that effects the final judgment in a criminal proceeding warrants an appellate court setting aside the trial court's final judgment." *Akron v. Buchwald*, 9th Dist. Summit No. 21433, 2003-Ohio-5044, ¶ 11, citing *Strickland* at 691. When a defendant alleges counsel was

ineffective for failing to file a motion to suppress, the defendant must establish not only that there was a basis to suppress the evidence in question, but also "'a reasonable probability that, without the excluded evidence, the defendant would have been acquitted.'" *Clayton* at ¶ 26, quoting *State v. Rucker*, 9th Dist. Summit No. 25081, 2010-Ohio-3005, ¶ 46.

**{¶7}** This Court will analyze the prejudice prong of the *Strickland* test because a careful analysis shows that Mr. Snider did not suffer prejudice as a result of trial counsel's failure to file a motion to suppress. Despite Mr. Snider's contention that had a motion been filed it would have been granted, to establish prejudice he must also show that, had the evidence been excluded, there was a reasonable probability he would have been acquitted.

**{¶8}** Mr. Snider contends his trial counsel should have challenged the walk-and-turn test and the horizontal gaze nystagmus ("HGN") test. He argues that Deputy Bungard failed to substantially comply with the NHTSA manual and, had a motion to suppress been filed, it would have been granted and testimony about the results of those tests would have been excluded.

**{¶9}** Even if a court finds that the officer did not substantially comply with the NHTSA standards (which would require the results of the tests to be excluded), the officer's testimony regarding his observations of the defendant during performance on nonscientific field sobriety tests is admissible under Evid.R. 701. *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 14-15. Therefore, assuming arguendo that Deputy Bungard did not substantially comply with the NHTSA manual requirements for administering the HGN and the walk-and-turn field sobriety tests, only his testimony about the HGN test would have properly been excluded had trial counsel filed a motion to suppress.

**{¶10}** In this case, Deputy Bungard conducted or attempted to conduct numerous nonscientific field sobriety tests in addition to the walk-and-turn test. He attempted to conduct

the one-legged stand test but Mr. Snider said his legs were shaking and he could not perform the test. Deputy Bungard then attempted the alphabet test but Mr. Snider refused. Deputy Bungard then tried the basic finger test. Mr. Snider attempted that test but was unsuccessful and then stopped the test. Deputy Bungard's testimony regarding his observations of Mr. Snider's performance on these tests, as well as the walk-and-turn test, was admissible and properly before the court for consideration.

{¶11} In addition to his testimony about the field sobriety tests, Deputy Bungard testified that he initially observed Mr. Snider sharply veer into the right lane without using his turn signal, pass several other vehicles, then run his rear passenger tire over the curb as he returned to his original lane of travel. Because a minivan that was between his cruiser and Mr. Snider's vehicle blocked his view, Deputy Bungard moved toward the center line to further observe Mr. Snider's vehicle. Mr. Snider's vehicle was still not in Deputy Bungard's line of vision and the deputy inferred that the vehicle may have gone off the berm.

{¶12} After stopping Mr. Snider's vehicle, Deputy Bungard approached its passenger side and smelled alcohol emitting from the vehicle. When another officer arrived on the scene, Deputy Bungard switched to the driver's side and found that the odor of alcohol emitting from Mr. Snider's person was more prominent. Deputy Bungard testified that Mr. Snider's eyes were glassy and that his mood would fluctuate from very argumentative to very emotional. Mr. Snider denied consuming any alcohol.

{¶13} Deputy Bungard learned that Mr. Snider had a prior conviction for an OVI within six years and that he was under an OVI suspension that restricted him to driving a vehicle with an interlock device. The vehicle driven by Mr. Snider did not have an interlock device. Mr. Snider refused to take the breath test.

{¶14} In pertinent part, R.C. 4511.19(A)(1)(a) prohibits a person from operating a vehicle while under the influence of alcohol. If the consumption of alcohol "'adversely affect[ed] his actions, reactions, conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle,'" then the driver was under the influence. *State v. Adams*, 9th Dist. Medina No. 13CA0008-M, 2013-Ohio-4258, ¶ 25, quoting *State v. Smith*, 5th Dist. Licking No. 09-CA-42, 2010-Ohio-1232, ¶ 92, quoting *Toledo v. Starks*, 25 Ohio App.2d 162, 166 (6th Dist.1971). R.C. 4510.14(A) prohibits a person whose driver's license has been suspended for an OVI conviction from operating any motor vehicle upon the public roads or highways. R.C. 4511.33(A)(1) requires that a person drive, as nearly as practicable, entirely within a single lane and not move from such lane until first ascertaining that such movement can be made with safety.

{¶15} Applying these definitions to the evidence in this case, and excluding any evidence of the HGN test, there remained sufficient evidence for the trial court to find Mr. Snider guilty of OVI, driving under OVI suspension, and failing to drive within marked lanes. Therefore, Mr. Snider is unable to satisfy the prejudice prong of *Strickland* because there is not a reasonable probability that, but for his trial counsel's failure to file a motion to suppress, the result of his trial would have been different.

{¶16} Mr. Snider's sole assignment of error is overruled.

III.

{¶17} Mr. Snider's assignment of error is overruled. The judgment of the Lorain Municipal Court is affirmed.

Judgment affirmed.

6

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DANIELLELA BEARDEN, Attorney at Law, for Appellant.

PATRICK D. RILEY, JEFFREY SZABO, and MALLORY HOLMES, Attorneys at Law, for Appellee.