[Cite as *Akron v. Starks*, 2017-Ohio-7235.]

STATE OF OHIO           )                     IN THE COURT OF APPEALS
                            )ss:              NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

CITY OF AKRON                          C.A. No.      28394

      Appellee

      v.                                  APPEAL FROM JUDGMENT
                                     ENTERED IN THE
DEREK STARKS                        AKRON MUNICIPAL COURT
                                     COUNTY OF SUMMIT, OHIO
      Appellant                     CASE No.     16TRC01326

DECISION AND JOURNAL ENTRY

Dated: August 16, 2017

CARR, Presiding Judge.

{¶1}    Appellant, Derek Starks, appeals the judgment of the Akron Municipal Court. This Court affirms.

I.

{¶2}    This matter arises out of a traffic stop that occurred in Akron, Ohio, on January 27, 2016. When an Ohio State Highway Patrol trooper saw Starks speeding on Kenmore Boulevard in a vehicle that had both a broken headlight and a cracked windshield, the trooper initiated a traffic stop. Starks was subsequently charged with two counts of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) & (d), as well as speeding in violation of R.C. 4511.21(C). Starks pleaded not guilty to the charges at arraignment. The matter eventually proceeded to trial where a jury found Starks guilty of both counts of driving while under the influence of alcohol. The trial judge found Starks guilty of speeding. The two counts of driving while under the influence merged for the purposes of sentencing, and the trial

court imposed a 180-day jail term that was suspended on the condition that Starks complete a driver's intervention class. The trial court also imposed a $375 fine in addition to court costs, as well as a 6-month driver's license suspension.

{¶3} Starks' initial appeal was dismissed by this Court for lack of a final, appealable order, due to the fact that the trial court failed to specify its sentence for the speeding charge. On September 13, 2016, the trial court issued an amended judgment of conviction delineating the sentence for each of Starks' convictions. Starks again filed a timely notice of appeal.

{¶4} Now before this Court, Starks raises one assignment of error.

II.

### ASSIGNMENT OF ERROR

DEREK STARKS WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL IN COUNSEL'S FAILURE TO FILE A MOTION TO SUPPRESS OR TO CHALLENGE AT TRIAL THE ABSENCE OF REASONABLE SUSPICION FOR THE INITIAL STOP OF STARKS, AND THE LACK OF PROBABLE CAUSE TO JUSTIFY STARKS' ARREST.

{¶5} In his sole assignment of error, Starks contends that trial counsel rendered ineffective assistance by failing to challenge the basis for the initial traffic stop as well as his subsequent arrest. This Court disagrees.

{¶6} In order to prevail on a claim of ineffective assistance of counsel, Starks must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* at 686. Thus, a two-prong test is necessary to examine such claims. First,

Starks must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second, Starks must demonstrate that but for counsel's errors, there is a reasonable probability that the results of the trial would have been different. *Keith* at 534.

{¶7} Starks raises two arguments in support of his ineffective assistance claim. Starks first contends that trial counsel rendered ineffective assistance by failing to challenge whether there was a lawful basis to initiate a stop of his vehicle. Second, Starks points to this Court's recent decision in *State v. Hopp*, 9th Dist. Summit No. 28095, 2016-Ohio-8027, in support of the proposition that trial counsel was ineffective for failing to challenge whether there was probable cause to place him under arrest because there was no evidence that Starks was driving while impaired.

{¶8} At trial, the City produced evidence demonstrating that in the early morning hours of January 27, 2016, Trooper Jared Haslar observed Starks driving his vehicle an estimated 50 miles per hour in a 35-mile-per-hour zone. Trooper Haslar used his radar equipment to confirm that Starks' vehicle was traveling 50 miles per hour. Trooper Haslar further observed that Starks' right headlight was out and that the windshield was cracked. Based on his observation of multiple violations, Trooper Haslar initiated a traffic stop. Upon making his initial approach, Trooper Haslar detected a moderate odor of alcohol coming from inside the vehicle and further noticed that Starks had bloodshot, glassy eyes. When asked where he was coming from, Starks indicated that he was coming from a bar. When Trooper Haslar asked Starks if he had been drinking, Starks replied that he "wasn't going to lie" and that he had "about three or four

shoots."[1]  Trooper Haslar then asked Starks to step out of the vehicle where the trooper administered the three standardized field sobriety tests.  Trooper Haslar testified that the results of the field sobriety tests supported his belief that Starks was driving while impaired.  At that time, Trooper Haslar placed Starks under arrest for driving under the influence of alcohol.  Later, at the police station, Starks took a breath test that showed his blood alcohol concentration was over the legal limit.

{¶9}  Starks' ineffective assistance claim pertaining to trial counsel's failure to challenge the basis for the traffic stop is without merit.  We are mindful that "[f]ailing to file a motion to suppress is not per se ineffective assistance of counsel."  *State v. Snider*, 9th Dist. Lorain No. 16CA010931, 2017-Ohio-2795, ¶ 5, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).  As with other ineffective assistance claims, the appellant must satisfy the two-prong test set forth in *Strickland*.  *Snider* at ¶ 5.  While Starks contends that there was no corroborating evidence to indicate that he was speeding or traveling at an unsafe speed, he does not dispute that Trooper Haslar visually determined that Starks was traveling about fifteen miles per hour over the speed limit and then confirmed the speeding violation with radar equipment.  "The United States Supreme Court and the Ohio Supreme Court both held that *any* violation of a traffic law gives rise to a reasonable suspicion to make an investigatory stop of a vehicle."  *State v. Johnson*, 9th Dist. Medina No. 03CA0127-M, 2004-Ohio-3409, ¶ 11, citing *Whren v. United States*, 517 U.S. 806 (1996) and *Dayton v. Erickson*, 76 Ohio St.3d 3 (1996).  Starks also does not point to any evidence disputing Trooper Haslar's testimony that the right headlight was out.  Under these circumstances, Starks has failed to demonstrate that there is a reasonable probability that the

---

[1] While Trooper Haslar used the term "shoots" during his testimony, Starks testified at trial that he admitted to consuming "three to four shots."

result of trial would have been different had trial counsel challenged the basis for the traffic stop. *See Keith*, 79 Ohio St.3d at 534.

**{¶10}** Starks' assertion that trial counsel rendered ineffective assistance by failing to challenge the basis for placing him under arrest is also without merit. Though Starks points to our decision in *Hopp*, that case presented a different procedural and factual posture than the case at bar. Most significantly, *Hopp* involved a scenario where the trial court suppressed the results of the field sobriety tests and relied solely on the officer's observations when concluding that there was probable cause to place the driver under arrest for driving while impaired. *Hopp*, 2016-Ohio-8027, at ¶ 7. In this case, Starks has not pointed to any evidence in the record demonstrating that there was an issue with the administration of the field sobriety tests. Furthermore, unlike the situation in *Hopp* where the driver was routinely stopped at a sobriety check point and the arresting officer acknowledged that he saw no indications of impaired driving, Starks was pulled over in this case because he was speeding and driving a vehicle with a cracked windshield and a broken headlight. Moreover, although both Starks and the driver in *Hopp* admitted to officers that they had been drinking, Starks seemingly made a more suggestive admission when he specified that he was coming from a bar where he consumed three or four shots. *Compare Hopp* at ¶ 6 (where the driver admitted to having "a couple" of alcoholic drinks). In light of the field sobriety tests, Starks' admission to coming from a bar where he had been drinking shots, along with the other signs of intoxication coupled with the commission of a traffic violation, Starks' has not demonstrated that the result of trial would have been different had trial counsel challenged the basis for placing him under arrest. *See Keith*, 79 Ohio St.3d at 534.

**{¶11}** Starks' assignment of error is overruled.

### III.

**{¶12}** Starks' assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law and BRIAN D. BREMER and SHAMMAS I. MALIK, Assistant Directors of Law, for Appellee.