[Cite as *State v. Trivett*, 2016-Ohio-8204.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 15CA0041-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELANIE TRIVETT | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 14CR0285 |

DECISION AND JOURNAL ENTRY

Dated: December 19, 2016

CARR, Presiding Judge.

{¶1}   Appellant, Melanie Trivett, appeals her conviction for endangering children. This Court reverses.

I.

{¶2}   Melanie Trivett's three-year-old son ingested Wellbutrin, a prescription drug that had been prescribed to treat Trivett's symptoms of depression.  Ten days later, two detectives from the Medina Police Department came to Trivett's apartment, told her that they needed to question her about the incident, and escorted her to the police station.  The detectives told Trivett that they could only do the interview at the police station, and when Trivett stated that she would drive her own vehicle, the detectives refused.  They interviewed her for approximately two hours and, when the interview ended, asked her to complete a written statement.  Trivett asked whether she could leave, complete the written statement, and return.  The detectives told her that she could not.

**{¶3}** Trivett was charged with felonious assault in violation of R.C. 2903.11(A)(1), endangering children in violation of R.C. 2919.22(A), and tampering with evidence in violation of R.C. 2921.12(A)(2). Trivett moved to suppress all of the statements that she made during her interview and the written statement that she made after the conclusion of the interview, arguing that the police did not inform her of her rights under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The trial court concluded that Trivett was not in custody for purposes of *Miranda* and denied the motion. The case proceeded to trial, and a jury found Trivett guilty of endangering children. The trial court sentenced her to three years of community control, and Trivett appealed.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AND DENIED THE APPELLANT THE PROTECTIONS AFFORDED BY THE FIFTH AND SIXTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES WHEN IT OVERRULED HER MOTION TO SUPPRESS STATEMENTS[.]

**{¶4}** Trivett's first assignment of error is that the trial court erred when it overruled her motion to suppress. We agree.

**{¶5}** An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. *Id*.; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2nd Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994). Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once we have determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal

conclusions de novo. In other words, we accept the trial court's findings of fact as true, and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶6} The trial court found that two detectives came to Trivett's apartment and told her that they needed to speak with her about the incident. The trial court noted that Trivett expressed her desire to drive herself to the police station, but that the detectives insisted that she ride with them. According to the trial court's findings of fact, the detectives walked her from the apartment with one walking ahead and one walking behind her and, when they reached an unmarked police car, one detective sat in the back with Trivett. The trial court observed that the front seat was not separated from the backseat by a cage, but that the car's child safety locks prevented backseat passengers from opening the doors from within. The trial court found that once at the police station, the officers walked Trivett to a small interview room, where they interviewed her for over two hours.

{¶7} The trial court's findings of fact are supported by the record as far as they go, but because they are incomplete, we cannot conclude that the trial court's findings of facts as a whole are supported by competent, credible evidence. Specifically, the record offers further detail about the detectives' interaction with Trivett after they arrived at the police station that bears on the question of whether she was in custody. These facts include, but are not limited to, the following. According to the officers' testimony, they walked Trivett through the police station in the same configuration in which they had left her apartment – one officer in front of her, and one following close behind. The testimony confirms that they walked her through the police station to the basement and, ultimately, to a small interview room that was as far from the

building exit as it was possible to be. The video recording of the interview demonstrates that once in the interview room, the officers directed Trivett to a seat in the corner opposite the door, while they sat in chairs that physically blocked her egress. Trivett did not leave the room during the duration of the interview. At the interview's conclusion, one detective presented her with a release related to all of her children's' medical records and told her to sign it. Trivett became visibly upset. In this immediate context, the same detective then told her that they needed her to complete a written statement. When Trivett asked if she could take the statement home to complete, the detective told her that it had to be completed at that time and at the police station.

{¶8}    This is not to say a trial court errs on every occasion in which facts present in the record are omitted from findings of fact in a decision ruling on a motion to suppress. In this case, however, multiple facts necessary to a determination of the question of whether Trivett was in custody were omitted from the trial court's decision. The trial court made no determination regarding these facts and, consequently, we cannot determine the extent to which they were considered. Under these unique circumstances, we conclude that the trial court's findings of fact as a whole are not supported by competent, credible evidence.

{¶9}    Having concluded that the trial court's findings of fact are incomplete, we must also conclude that the trial court erred by denying Trivett's motion to suppress for that reason. *See State v. Lindow*, 9th Dist. Summit No. 27417, 2016-Ohio-913, ¶ 12; *State v. Hendrix*, 9th Dist. Summit Nos. 26648, 26649, 2013-Ohio-2430, ¶ 14. Trivett's first assignment of error is sustained on this basis, and we must reverse and remand this matter to the trial court to address the motion to suppress in light of our conclusion in the first instance. We do so without considering Trivett's legal argument regarding whether the facts demonstrate that she was in custody for purposes of *Miranda*.

{¶10}  Trivett's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE VERDICT AND JUDGMENT BELOW WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND VIOLATED [TRIVETT'S] RIGHT TO DUE PROCESS OF LAW.

## ASSIGNMENT OF ERROR III

THE VERDICT AND JUDGMENT BELOW WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶11}  In light of our resolution of Trivett's first assignment of error, her second and third assignments of error are premature.

### III.

{¶12}  Trivett's first assignment of error is sustained.  Her second and third assignments of error are premature.  The judgment of the Medina County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ROBERT A. DIXON, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.