[Cite as *State v. Purefoy*, 2017-Ohio-79.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 27992 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NIGEL B. PUREFOY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014 09 2742 |

DECISION AND JOURNAL ENTRY

Dated: January 11, 2017

CARR, Presiding Judge.

{¶1} Appellant, Nigel Purefoy, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2} On September 23, 2014, the Summit County Grand Jury indicted Purefoy on two counts of aggravated burglary and three counts of aggravated robbery. All five counts in the indictment were accompanied by a firearm specification, and the final count of aggravated robbery also contained a criminal forfeiture specification. Purefoy pleaded not guilty to the charges at arraignment.

{¶3} Purefoy subsequently pleaded guilty to three counts of aggravated robbery. Shortly thereafter, however, Purefoy filed a handwritten motion to withdraw his guilty pleas. The trial court granted Purefoy's motion to withdraw his guilty pleas and appointed new counsel.

{¶4} On April 20, 2015, Purefoy filed numerous motions, including a motion to suppress statements he made to police during an interview at the Barberton Police Department. After holding a hearing on the motion to suppress, the trial court issued a journal entry denying the motion on June 29, 2015.

{¶5} Prior to trial, Purefoy filed a motion to dismiss the indictment on speedy trial grounds. The trial court denied the motion. The matter proceeded to a jury trial and Purefoy was convicted of all of the counts in the indictment, as well as the attendant specifications. The trial court sentenced Purefoy to a total of 18 years imprisonment.

{¶6} On appeal, Purefoy raises three assignments of error. This Court rearranges Purefoy's assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT VIOLATED MR. PUREFOY'S RIGHT TO A SPEEDY TRIAL IN VIOLATION [OF] HIS RIGHTS UNDER THE 6TH AND 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶7} In his second assignment of error, Purefoy argues that the trial court violated his constitutional right to a speedy trial. Specifically, Purefoy contends that the trial court failed to bring him to trial within the timeframe set forth in R.C. 2945.71(C)(2) & (E). This Court disagrees.

{¶8} When reviewing an appellant's claim that he was denied his right to a speedy trial, an appellate court applies a de novo standard of review. *State v. Gaines,* 9th Dist. Lorain No. 00CA008298, 2004-Ohio-3407, ¶ 9. "The Supreme Court of Ohio has found that the statutory speedy trial provisions set forth in R.C. 2945.71 are coextensive with Ohio and federal

constitutional speedy trial provisions." *Gaines* at ¶ 9, citing *State v. O'Brien*, 34 Ohio St.3d 7 (1987), paragraph one of the syllabus.

{¶9} R.C. 2945.71(C)(2) states that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E) provides that "[f]or purposes of computing time under [R.C. 2945.71(C)(2)], each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C. 2945.71]." R.C. 2945.73(B).

{¶10} Purefoy was arrested on September 5, 2014. After pleading not guilty to the charges at arraignment, Purefoy filed a bevy of pretrial motions in this case, including a demand for discovery on October 8, 2014. "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, at syllabus. Thereafter, the trial court issued multiple journal entries continuing pretrial hearings at the request of Purefoy. The trial court eventually issued an order setting the matter for trial on January 12, 2015. Significantly, however, on December 17, 2014, Purefoy entered a written plea of guilty to three counts of aggravated robbery. There is no dispute in this case that Purefoy entered his pleas within the speedy trial timeframe set forth in R.C. 2945.71.

{¶11} Purefoy subsequently filed a pro se motion to withdraw his guilty pleas. On March 25, 2015, over the objection of the State, the trial court granted Purefoy's motion to withdraw his plea. In the journal entry granting the motion, the trial court noted its "congested docket" and set the matter for trial on May 11, 2015. The trial date was ultimately continued

until August 31, 2015. One week prior to trial, Purefoy filed a motion to dismiss on speedy trial grounds. This motion was denied by the trial court.

**{¶12}** On appeal, Purefoy emphasizes that he never formally waived his speedy trial rights. Purefoy argues that the fact that he spent nearly a year in prison between the date of his arrest and the date of his trial was a clear violation of R.C. 2945.71, et seq. This argument is without merit.

**{¶13}** After the trial court granted Purefoy's motion to vacate his guilty pleas on March 25, 2015, the statutory speedy trial requirements were no longer applicable, and the State was only required to bring Purefoy to trial within a reasonable timeframe. *State v. Johnson*, 2d Dist. Montgomery No. 23908, 2011-Ohio-1286, ¶ 7 ("When a defendant enters a guilty plea within the statutory speedy trial period, he has been afforded his right to a speedy trial."); *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, ¶ 14 (holding that when the statutory speedy trial requirements are no longer applicable, the defendant must be brought to trial within a reasonable period of time under the federal and state constitutions). Thus, when defense counsel suggested at a March 25, 2015 pretrial hearing that the State only had 20 days to bring Purefoy to trial, that was not the case given that the statutory standard was no longer applicable. Purefoy has not independently argued on appeal that an unreasonable period of time elapsed between the time his plea was vacated and the time he was brought to trial. Shortly after vacating his plea, Purefoy filed several motions on April 20, 2015, including a motion to suppress, a motion for separate trials, and a motion to reveal the agreements with the State's witnesses. The trial court held a hearing on the motion to suppress the following month and issued a journal entry denying the motion on June 29, 2015. In the interim the trial court issued an order wherein it denied the motion for separate trials and scheduled the case for trial on August 31, 2015. The trial court

also granted Purefoy's motion to reveal the agreements with the State's witnesses. Thereafter the parties engaged in standard pretrial motion practice and made preparations for a complicated trial that would have more than 20 witnesses. The matter proceeded to trial as scheduled on August 31, 2015. Given the various motions filed by Purefoy after the withdrawal of his guilty pleas, coupled with the complexity of this case, we cannot say that the State failed to bring Purefoy to trial in a reasonable period of time.

{¶14} The assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ALLOWED THE INTRODUCTION OF COERCED STATEMENTS IN VIOLATION OF MR. PUREFOY'S [] RIGHTS UNDER THE 5TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶15} In his first assignment of error, Purefoy challenges the admission of the confession he made to police prior to his arrest.

{¶16} Purefoy raised this issue in a motion to suppress that he filed prior to trial. Purefoy argued that he was coerced into giving a confession in violation of his constitutional rights. Just as he did in his motion to suppress, Purefoy cites numerous cases on appeal in support of the proposition that his statements to police at the Barberton Police Department amounted to an involuntary confession in violation of his constitutional rights and were inadmissible at trial. The trial court heard extensive testimony at the suppression hearing and the State introduced a video of the interview with Purefoy. According to the hearing transcript, Purefoy was accompanied to the Barberton Police Department by his uncle, Jerome Hall, a retired sergeant of the Summit County Sheriff's Department. While the sequence of events that unfolded in the police department are somewhat complex, it is apparent that the interview

commenced before the authorities had obtained a warrant for Purefoy's arrest. Detective Jason Kline subsequently obtained the warrant and entered the interview room as the interview was ongoing. Detective Kline advised Purefoy of his *Miranda* rights. Sergeant Hall, who was in uniform at the time, also entered the interview room and spoke with Purefoy. Purefoy and his uncle had a tense exchange, with Sergeant Hall urging Purefoy to "come clean." Though Purefoy changed his story numerous times, he ultimately made statements that equated to a confession. The issue of whether Sergeant Hall was merely acting as a member of the family, or in a law enforcement capacity, was sharply contested by the parties. After taking the matter under advisement, the trial court subsequently issued a brief journal entry denying the motion. In the journal entry denying the motion, the trial court did not make any factual findings. Purefoy's argument on appeal amounts to a challenge to the trial court's denial of his motion to suppress.

**{¶17}** A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id*., citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

**{¶18}** As noted above, this Court will accept a trial court's factual findings if they are supported by competent, credible evidence. *Burnside* at ¶ 8. In this case, the trial court did not

make factual findings in ruling on the motion to suppress and instead issued a short journal entry which stated, "upon due consideration of this Court, the Defendant's motion to suppress is hereby DENIED." When the trial court fails to make adequate factual findings, this Court cannot determine the extent to which the facts in the record were considered by the trial court. *State v. Trivett*, 9th Dist. Medina No. 15CA0041-M, 2016-Ohio-8204, ¶ 8. Given that the trial court failed to make findings of fact, we must conclude that the trial court erred by denying the motion to suppress for that reason. *Id*. at ¶ 8-9, citing *State v. Lindow*, 9th Dist. Summit No. 27417, 2016-Ohio-913, ¶ 12. Accordingly, Purefoy's assignment of error is sustained to the extent that the trial court failed to make factual findings, and we must remand this matter for the trial court to make factual findings and then address the motion to suppress in the first instance. This Court takes no position on the legal arguments raised by Purefoy in challenging his motion to suppress.

{**¶19**} The first assignment of error is sustained.

## ASSIGNMENT OF ERROR III

MR. PUREFOY'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE POSSESSION [SIC] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10, & 16 OF THE OHIO CONSTITUTION.

{**¶20**} In his third assignments of error, Purefoy argues that his convictions are against the manifest weigh of the evidence. Given our resolution of Purefoy's first assignment of error, Purefoy's third assignment of error is premature, and we decline to address it at this time. *State v. Nieves*, 9th Dist. Lorain No. 15CA010763, 2016-Ohio-5090, ¶ 9.

III.

**{¶21}** The first assignment of error is sustained. The second assignment of error is overruled. This Court declines to address the third assignment of error. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded to the trial court for further proceedings.

Judgment affirmed in part,
reversed in part,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

MOORE, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

PAUL GRANT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.