[Cite as *State v. Lewis*, 2019-Ohio-125.]

STATE OF OHIO      )              IN THE COURT OF APPEALS
                     )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT      )

STATE OF OHIO                            C.A. No.       29046

     Appellant

     v.                                  APPEAL FROM JUDGMENT
                                         ENTERED IN THE
WILLIAM LEWIS                         AKRON MUNICIPAL COURT
                                         COUNTY OF SUMMIT, OHIO
     Appellee                           CASE No.      18 TRC 02815

DECISION AND JOURNAL ENTRY

Dated: January 16, 2019

SCHAFER, Judge.

{¶1} Appellant, the State of Ohio, appeals from the decision of the Akron Municipal Court, granting Appellee, William Lewis', motion to suppress. This Court reverses.

I.

{¶2} Early one evening, Trooper Michael Chiarappa saw a car traveling southbound on South Hawkins Avenue. The car was missing its front license plate and had heavily tinted windows, so the trooper executed a traffic stop. When he approached the car and spoke with its driver, Lewis, the trooper detected a strong odor of alcohol. He also made several additional observations that led him to believe Lewis was driving under the influence. Consequently, he asked Lewis to perform field sobriety testing. Lewis complied, performed poorly on the tests, and refused to submit to a breathalyzer. Trooper Chiarappa then arrested Lewis.

{¶3} Lewis was cited for operating a vehicle while under the influence of drugs or alcohol and failing to display a front license plate. He then filed a motion to suppress on several

grounds, including that Trooper Chiarappa lacked probable cause to arrest him. It was Lewis' position that a light sensitivity condition and the side effects of a certain medication he was taking explained the majority of the indicators that Trooper Chiarappa claimed to have observed. It also was his position that the trooper failed to substantially comply with applicable testing guidelines when administering the field sobriety tests.

{¶4} Following a suppression hearing, the trial court granted the motion to suppress on the basis that Trooper Chiarappa lacked probable cause to arrest Lewis. The State then immediately appealed from the trial court's ruling.

{¶5} The State's appeal is now before this Court and raises one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred when it granted [Lewis'] Motion to Suppress.**

{¶6} In its sole assignment of error, the State argues that the trial court erred by granting Lewis' motion to suppress because the record reflects that Trooper Chiarappa had probable cause to arrest him. Upon review, we are unable to address the merits of the State's argument.

{¶7} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When the trial court considers a motion to suppress, it assumes the role of trier of fact and, therefore, it is in the "best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* This Court must "then independently

determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶8} When a trial court rules on a motion to suppress and "fails to make adequate factual findings, this Court cannot determine the extent to which the facts in the record were considered by the trial court." *State v. Purefoy*, 9th Dist. Summit No. 27992, 2017-Ohio-79, ¶ 18. The "absence of factual findings impedes our ability to review [the] suppression ruling" in accordance with the Supreme Court's directive in *Burnside*. *State v. Martucci*, 9th Dist. Summit No. 28888, 2018-Ohio-3471, ¶ 11. Thus, in the absence of adequate factual findings, this Court has reversed suppression rulings and remanded matters for trial courts to make factual findings in the first instance. *See Purefoy* at ¶ 18. *Accord State v. Soto*, 9th Dist. Lorain No. 16CA011024, 2017-Ohio-4348, ¶ 17-18.

{¶9} As noted, the trial court granted Lewis' motion to suppress upon its determination that Trooper Chiarappa lacked probable cause to arrest him. The court did not, however, issue any findings of fact, either in its written journal entry or orally on the record at the conclusion of the suppression hearing. "An officer has probable cause to arrest an individual for impaired driving if, 'at the time of arrest, the officer had sufficient facts derived from a reasonably trustworthy source to cause a prudent person to believe the suspect was driving under the influence.'" *State v. Spees*, 9th Dist. Medina No. 17CA0061-M, 2018-Ohio-2568, ¶ 30, quoting *State v. Hopp*, 9th Dist. Summit No. 28095, 2016-Ohio-8027, ¶ 8. This Court has recognized that a probable cause determination is a fact-intensive inquiry that "'requires consideration of the totality of the circumstances known to the officer at the time of the arrest.'" *Spees* at ¶ 30, quoting *State v. Rogers*, 9th Dist. Wayne No. 16AP0014, 2017-Ohio-357, ¶ 9. In the absence of any factual findings on the part of the trial court, this Court "cannot determine the extent to

which [it considered] the facts in the record * * *." *Purefoy* at ¶ 18. *See also Burnside* at ¶ 8 (instructing appellate courts to accept trial court's factual findings if supported by competent, credible evidence). Accordingly, we must reverse the trial court's suppression ruling and remand this matter for it to make adequate factual findings in the first instance. *See Purefoy* at ¶ 18. The State's sole assignment of error is sustained on that basis.

## III.

{¶10} The State's sole assignment of error is sustained. The judgment of the Akron Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellant.

NICHOLAS J. CARDINAL, Attorney at Law, for Appellee.