[Cite as *State v. Murphy*, 2019-Ohio-515.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

FRANK MURPHY

    Appellant

C.A. No.     29150

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 2017-11-3906

DECISION AND JOURNAL ENTRY

Dated: February 13, 2019

---

SCHAFER, Judge.

{¶1} Defendant-Appellant, Frank Murphy, appeals from the judgment of the Summit County Court of Common Pleas, denying his motion to suppress. This Court reverses.

I.

{¶2} At approximately 3:00 a.m., two Akron Police officers spotted a man traveling down the middle of Orlando Avenue in a wheelchair. Due to the late hour, the fact that the man was jaywalking, and the fact that the area was known for drug activity, the officers stopped the man to investigate. Upon speaking with the man, the officers identified him as Murphy, and that revelation spawned additional concerns for the officers.

{¶3} The officers were aware that Murphy had a reputation for selling drugs and carrying a weapon. Following a brief exchange, they asked him for consent to search his person. Murphy declined their request, so the officers informed him that they intended to pat him down for weapons. Murphy, however, began to wheel himself away and struggled against the officers'

attempts to stop him. As he continued to resist, the officers placed him under arrest for obstructing official business. They then searched him incident to his arrest and discovered on his person cocaine, marijuana, a firearm, and over $1,000 in cash.

{¶4} A grand jury indicted Murphy on charges of trafficking in and possession of cocaine, trafficking in and possession of marijuana, illegal possession of drug paraphernalia, illegally conveying weapons and drugs of abuse onto grounds of a specified governmental facility, having weapons under disability, carrying concealed weapons, and obstructing official business. Murphy filed a motion to suppress, and the trial court held a hearing on his motion. Following the hearing, the court denied his motion, and Murphy pleaded no contest to the indictment. The court sentenced him to a total of five years in prison.

{¶5} Murphy now appeals from the trial court's denial of his motion to suppress and raises one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred in denying Defendant Frank Murphy's motion to suppress evidence seized during an unlawful search in violation of his right to be secure from an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the U.S. Constitution, and Article I, Section 14 of the Ohio Constitution.**

{¶6} In his sole assignment of error, Murphy argues that the trial court erred by denying his motion to suppress. Specifically, he argues that officers subjected him to an illegal seizure when they continued to detain him in the absence of reasonable suspicion and attempted to perform an unlawful pat down. For the foregoing reasons, we cannot address the merits of Murphy's argument.

**{¶7}** A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When the trial court considers a motion to suppress, it assumes the role of trier of fact and, therefore, it is in the "best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* This Court must "then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

**{¶8}** "For an investigatory stop to be justified, an officer must be able to point to 'specific and articulable facts, which taken together with rational inferences from those facts,' support a reasonable suspicion of criminal activity." *State v. Farrey*, 9th Dist. Summit No. 26703, 2013-Ohio-4263, ¶ 8, quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968). An investigatory stop is a temporary measure and generally must "last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500 (1983). If during the stop, however, "an officer encounters additional specific and articulable facts that give rise to a reasonable suspicion of criminal activity beyond that which prompted the stop, the officer may continue to detain the defendant to investigate those new concerns." *State v. Shook*, 9th Dist. Lorain No. 93CA005716, 1994 WL 263194, *3 (June 15, 1994). "Reasonable suspicion is based on the totality of the circumstances." *State v. Hochstetler*, 9th Dist. Wayne No. 16AP0013, 2016-Ohio-8389, ¶ 10. "A totality of the circumstances review includes consideration of '(1) [the] location; (2) the officer's experience, training or knowledge; (3) the suspect's conduct or appearance; and (4) the surrounding circumstances.'" *State v. Kordich*, 9th Dist. Medina No. 15CA0058-M, 2017-Ohio-234, ¶ 7, quoting *State v. Biehl*, 9th Dist. Summit No. 22054, 2004-Ohio-6532, ¶ 14.

{¶9} In certain instances, an officer conducting an investigative stop "may initiate a protective search for the safety of himself and others." *State v. Bobo*, 37 Ohio St.3d 177 (1988), paragraph two of the syllabus. "[T]o proceed from a stop to a frisk, the police officer must reasonably suspect that the person stopped is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 326-327 (2009). *Accord Terry* at 27 (frisk permissible if "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger"). "Reasonableness is not determined by 'incohate and unparticularized suspicion[s]' but rather by 'specific reasonable inferences' an officer is entitled to draw from the circumstances in light of his experiences." *Akron v. Bowen*, 9th Dist. Summit No. 21242, 2003-Ohio-830, ¶ 9, quoting *Terry* at 27. "An officer's previous experience with the subject of a stop is one factor that may be considered when evaluating whether a weapons frisk is reasonable." *State v. Hitsman*, 9th Dist. Medina No. 18CA0015-M, 2018-Ohio-5315, ¶ 11.

{¶10} The trial court here only issued limited factual findings. It found that two officers stopped Murphy for jaywalking at about 3:00 a.m. in "a high drug area." It found that the officers were aware Murphy "sold drugs and [was] known to carry a weapon," so they asked him for consent to search his person. When he refused, the officers advised him that "he was going to be patted down for weapons for officer safety." The court found that Murphy resisted the pat down and his conduct led the officers to arrest him and search him incident to his arrest. The court concluded that the officers possessed reasonable suspicion to frisk Murphy, but the protective frisk never actually took place. Because Murphy was subject to a full search incident to a lawful arrest, the court denied his motion to suppress.

{¶11} Murphy argues that the trial court erred when it denied his motion to suppress because the officers lacked reasonable suspicion to detain him beyond the initial purpose for his

stop (i.e., to address his jaywalking violation). According to Murphy, the protective frisk that the officers attempted to perform was pretextual in nature and only designed to uncover evidence. He argues that he posed no threat to the officers, as evidenced by their decision not to unholster their weapons or order him to place his hands in the air, the tone of their exchange, and the testifying officer's statement that he felt at ease with Murphy during their initial encounter. Because the officers lacked reasonable suspicion to conduct a valid frisk, Murphy argues, they lacked a valid basis to continue his detention. Thus, he argues that the court erred by denying his motion to suppress.

{¶12} Upon review, this Court cannot address the merits of Murphy's argument. As previously noted, *Burnside* instructs appellate courts to review factual findings upon a motion to suppress for competent, credible evidence and accept those findings if such evidence exists. *Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. When a trial court rules on a motion to suppress and "fails to make adequate factual findings, this Court cannot determine the extent to which the facts in the record were considered by the trial court." *State v. Purefoy*, 9th Dist. Summit No. 27992, 2017-Ohio-79, ¶ 18. The "absence of factual findings impedes our ability to review [the] suppression ruling" in accordance with the Supreme Court's directive in *Burnside*. *State v. Martucci*, 9th Dist. Summit No. 28888, 2018-Ohio-3471, ¶ 11. Thus, in the absence of adequate factual findings, this Court has reversed suppression rulings and remanded matters for trial courts to make factual findings in the first instance. *See Purefoy* at ¶ 18. *Accord State v. Soto*, 9th Dist. Lorain No. 16CA011024, 2017-Ohio-4348, ¶ 17-18.

{¶13} Although the trial court here issued certain factual findings, its findings are incomplete. Murphy acknowledges as much in his reply brief, wherein he writes that

> [t]he findings made by the trial court are generally consistent *as a skeleton outline* * * *. *For purposes of appellate review, however, the details provided by the transcript and [] Murphy's original statement of facts are necessary.*

(Emphasis added.) In its journal entry, the court concluded that officers possessed reasonable suspicion to conduct a protective frisk, but failed to set forth the findings of fact that led it to that conclusion. The facts discussed within its entry are sparse and in the nature of an explanation of the events rather than findings reached to support the court's legal conclusions.

{¶14} As noted, to conduct a protective frisk, an officer "must reasonably suspect that [a] person stopped is armed and dangerous." *Johnson*, 555 U.S. at 326. The examination is one that involves a review of the totality of the circumstances and a consideration of factors such as the time of day, the location of the stop, whether the officers had prior knowledge of the suspect, whether the suspect appeared nervous or acted evasively, whether there existed potential danger concerns for the officers, whether the officer's safety might have been jeopardized in the absence of a frisk, and any other relevant factors. *See, e.g., State v. Trice*, 9th Dist. Summit No. 28636, 2018-Ohio-78, ¶ 15-16; *State v. Armstrong*, 103 Ohio App.3d 416, 423 (9th Dist.1995). Here, it is not possible to tell what factors the trial court considered in reaching its decision because it did not issue correlative factual findings. Were this Court to address Murphy's argument on appeal, we would be resolving certain issues in the first instance. For example, Murphy argues that he posed no threat to the officers because the testifying officer said he was at ease with Murphy and that "his investigation was not being impeded by any concerns for officer safety * * *." While the record contains evidence to the contrary, the trial court did not specifically find that the officers had any safety concerns. It simply concluded that they had reasonable suspicion for a protective frisk. In the absence of an explanation as to *why* the officer's possessed that reasonable suspicion (i.e., what facts gave them that suspicion), the court's entry is incomplete,

and this Court cannot address Murphy's claim that the officers did not have safety concerns. *See, e.g., State v. Lewis*, 9th Dist. Summit No. 29046, 2019-Ohio-125, ¶ 8-9. "[B]ecause [the court's entry is] incomplete, we cannot conclude that [its] findings of facts as a whole are supported by competent, credible evidence." *State v. Trivett*, 9th Dist. Medina No. 15CA0041-M, 2016-Ohio-8204, ¶ 7. As such, Murphy's assignment of error is sustained on that basis, and the matter is "remand[ed] * * * to the trial court to address the motion to suppress in light of our conclusion in the first instance." *Id.* at ¶ 9.

III.

{¶15} Murphy's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

SENECA KONTURAS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.