[Cite as *State v. Perez*, 2020-Ohio-530.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

HECTOR PEREZ

    Appellant

C.A. No.     19CA011461

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     16CR094592

DECISION AND JOURNAL ENTRY

Dated: February 18, 2020

CALLAHAN, Presiding Judge.

{¶1} Appellant, Hector Perez, appeals an order that denied his motion to suppress. This Court reverses.

I.

{¶2} Mr. Perez was arrested following a traffic stop and charged with trafficking in drugs, possession of drugs, tampering with evidence, possessing criminal tools, driving under suspension, and use or possession of drug paraphernalia. He moved to suppress the evidence gained as a result of the stop, arguing that there was no reasonable suspicion that he had committed criminal activity, that he was arrested without probable cause, and that he did not consent to a warrantless search of his vehicle. With respect to the issue of reasonable suspicion, Mr. Perez argued that although the officer who conducted the stop wrote in his incident report that Mr. Perez failed to stop at a stop sign, the dashboard camera video did not corroborate that version of events.

{¶3} In conjunction with the motion to suppress, Mr. Perez moved the trial court to conduct an in-person view of the scene of the stop, purportedly under R.C. 2945.16.[1] The trial court granted the motion and viewed the scene "with [Mr. Perez's] investigator driving a vehicle at the approximate distance as [Mr. Perez] was from the investigating officer in this case" and with Mr. Perez, defense counsel, the prosecuting attorney, and the investigating police officer present. The trial court then denied the motion to suppress, noting that "[t]he court was able to discern from the same vantage point as [the investigating officer] whether the approaching vehicle stopped at the intersection or committed a traffic violation by rolling through the stop sign." The trial court reasoned that because "the alleged inability of the investigating officer to observe a similar alleged traffic law violation was the basis of the * * * [m]otion," the motion should be denied.

{¶4} Mr. Perez pleaded no contest to the charges, and the trial court found him guilty. The trial court sentenced him to concurrent prison terms of five years and twenty-four months, respectively, and to a concurrent term of 180 days in the Lorain County Community Correctional Facility; imposed a fine; and ordered the forfeiture of $3,725 in cash. Mr. Perez filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT DENIED MR. PEREZ'S MOTION TO SUPPRESS AS IT WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE.

{¶5} In his only assignment of error, Mr. Perez has argued that the trial court's decision denying his motion to suppress was not supported by competent credible evidence because it was

---

[1] This Court takes no position at this time regarding whether an in-person view of the location was appropriate under R.C. 2945.16 given the circumstances.

based solely on the trial court's own observations. The State of Ohio has conceded that the trial court erred by denying the motion because, in doing so, the trial court failed to make findings of fact. This Court agrees with the State's position.

{¶6} This Court's review of a trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. This Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.* In other words, this Court then accepts the trial court's findings of fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶7} When a trial court fails to make findings of fact in support of an order ruling on a motion to suppress, this Court must reverse that decision and remand the matter for the trial court to do so. *See State v. Murphy*, 9th Dist. Summit No. 29150, 2019-Ohio-515, ¶ 14, citing *State v. Trivett*, 9th Dist. Medina No. 15CA0041-M, 2016-Ohio-8204, ¶ 7; *State v. Soto*, 9th Dist. Lorain No. 16CA011024, 2017-Ohio-4348, ¶ 10; *State v. Purefoy*, 9th Dist. Summit No. 27992, 2017-Ohio-79, ¶ 18. Accordingly, Mr. Perez's assignment of error is sustained to the extent that the trial court failed to make factual findings. *See Purefoy* at ¶ 18. *Compare* Crim.R. 12(F). In addition, this Court notes that the trial court also failed to address the substance of Mr. Perez's arguments related to the constitutionality of his stop and the resulting search. This Court must therefore remand this matter for the trial court to make factual findings and address the motion to

suppress in the first instance. *Purefoy* at ¶ 18. The remainder of Mr. Perez's arguments in support of his assignment of error are premature at this time.

{¶8} Mr. Perez's assignment of error is sustained.

III.

{¶9} Mr. Perez's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgement reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

MICHAEL J. DUFF, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and PATRICK M. HAKOS, JR., Assistant Prosecuting Attorney, for Appellee.