[Cite as *State v. Johnson*, 2020-Ohio-3097.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellant

v.

BRIONNA D. JOHNSON

    Appellee

C.A. Nos.     29470
                   29504

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE Nos.    2019CRB03051
                  2019CRB05668

DECISION AND JOURNAL ENTRY

Dated: May 27, 2020

SCHAFER, Judge.

**{¶1}** Plaintiff-Appellant, the State of Ohio, appeals the decision granting Defendant-Appellee, Brionna D. Johnson's, motion to suppress evidence in the Akron Municipal Court. For the reasons that follow, this Court reverses and remands the matter for further proceedings.

I.

**{¶2}** On the evening of April 4, 2019, Trooper Jason Fowler of the Ohio State Highway Patrol was on patrol with his sergeant in the city of Akron. They observed a vehicle on Arlington Road traveling with its high-beam head lights on and noticed that the operator failed to dim the vehicle's lights as it passed their patrol car. The officers initiated a traffic stop of the vehicle. Ms. Johnson was identified as the driver of the vehicle, and was travelling with a friend in the passenger seat and a child in the back seat.

{¶3} Upon approaching the vehicle, the officers detected odors of alcohol and burnt marijuana. The officers removed Ms. Johnson from the vehicle and obtained her information. Trooper Fowler asked Ms. Johnson how much alcohol she had to drink and how much marijuana she had smoked; she denied drinking or smoking. Trooper Fowler then had Ms. Johnson perform field sobriety tests to determine whether she was impaired. Based on his observations, Trooper Fowler deemed Ms. Johnson impaired and arrested her.

{¶4} Trooper Fowler charged Ms. Johnson with child endangerment in violation of R.C. 2919.22, operating a motor vehicle while impaired ("OVI") in violation of R.C. 4511.19(A)(1)(a), failure to dim in violation of R.C. 4513.15, driving under suspension in violation of R.C. 4510.16, and failure to wear a seat belt in violation of R.C. 4513.263(B)(1). Ms. Johnson entered a plea of not guilty to all charges. Thereafter, Ms. Johnson filed a motion to suppress evidence on multiple grounds. The trial court held a hearing on the motion and took the matter under advisement. The trial court issued a decision granting Ms. Johnson's motion upon finding the trooper lacked probable cause to arrest her and suppressing all evidence incident to her arrest. In its decision, the trial court summarily stated "[a]ll other motions are denied[,]" but did not reach the merits of Ms. Johnson's alternative arguments presented in her brief in support of her motion to suppress.

{¶5} The State timely appealed the trial court's decision and presented one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred when it granted [Ms. Johnson]'s motion to suppress.**

**{¶6}** In its sole assignment of error, the State argues that the trial court erred when it determined Trooper Fowler lacked probable cause to arrest Ms. Johnson for operating a vehicle under the influence and granted her motion to suppress.

**{¶7}** A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When the trial court considers a motion to suppress, it assumes the role of trier of fact and, therefore, it is in the "best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Accordingly, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* Accepting such facts as true, this Court must "then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.* This Court must, therefore, grant deference to the trial court's findings of fact while conducting a de novo review to determine whether the trial court applied the appropriate legal standard to those facts. *State v. Booth*, 151 Ohio App.3d 635, 2003-Ohio-829, ¶ 12 (9th Dist.).

**{¶8}** "The legal standard for probable cause to arrest for OVI is whether 'at the moment of the arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence.'" *State v. Krzemieniewski*, 9th Dist. Medina No. 15CA0015-M, 2016-Ohio-4991, ¶ 11, quoting *State v. Homan*, 89 Ohio St.3d 421, 427 (2000), *superseded by statute on other grounds*. "[T]he totality of the facts and circumstances can support probable cause for an arrest even in the absence of the administration of field sobriety tests." *State v. Russo*, 9th Dist. Medina No. 09CA0009–M, 2009–Ohio–6914, ¶ 10. Further, even if the field sobriety tests did

not establish a driver's impairment, "that does not negate the other indicia of impairment observed by [an officer]." *Krzemieniewski*, at ¶ 17.

{¶9} The State first argues in its merit brief that the trial court's findings are not supported by the record. The State also argues that the trial court's findings of fact are incomplete. Further, the State contends that the facts, when viewed in the totality of the circumstances, show that Trooper Fowler had probable cause to arrest Ms. Johnson.

{¶10} As indicated above, a probable cause determination is a fact-intensive inquiry that "'requires consideration of the totality of the circumstances known to the officer at the time of the arrest.'" *State v. Spees*, 9th Dist. Medina No. 17CA0061-M, 2018-Ohio-2568, ¶ 30, quoting *State v. Rogers*, 9th Dist. Wayne No. 16AP0014, 2017-Ohio-357, ¶ 9. Consequently, "a trial court's findings of fact are deemed incomplete when they fail to include pertinent facts that were presented during the hearing and which are necessary to conduct the legal analysis." *State v. Soto*, 9th Dist. Lorain No. 16CA011024, 2017-Ohio-4348, ¶ 10, citing *State v. Trivett*, 9th Dist. Medina No. 15CA0041-M, 2016-Ohio-8204, ¶ 7-8.

{¶11} Our review of the record confirms that the trial court did not specifically make findings of fact in its decision granting the motion to suppress. However, the trial court's order does include a discussion of certain facts considered in its analysis. When discussing the field sobriety tests Trooper Fowler administered to Ms. Johnson, the trial court stated the following:

> Trooper Fowler performed the walk and turn, the HGN[,] and the one-leg stand. Trooper Fowler has been trained to perform these NHTSA approved tests. Trooper Fowler found clues on all three tests; however, he did not conclude that [Ms. Johnson] was an impaired driver based on these tests alone.
>
> Trooper Fowler administered two additional tests to [Ms. Johnson], which included the Romberg's test and an alphabet test. These tests are not NHTSA approved, but they are used to detect impairment from marijuana use.

[Ms. Johnson] passed the Romberg's test. Trooper Fowler testified that [Ms. Johnson] did not perform well on the alphabet test, but could not articulate what she did wrong. Furthermore, after a review of the dashboard camera video, the [trial c]ourt cannot determine that [Ms. Johnson] performed poorly on this test. Trooper Fowler did not testify to any other observation that showed [Ms. Johnson] to be impaired.

The trial court determined that Trooper Fowler "did not have sufficient indication of impairment based on the trooper's testimony and [Ms. Johnson]'s performance on the tests administered and, based on the totality of the circumstances, did not have probable cause to arrest [Ms. Johnson]."

{¶12} Our review of the record reveals that the trial court's factual analysis is flawed in several respects. First, the trial court's description of the sequence of events is misleading insofar as it implies Trooper Fowler administered the three tests approved by the National Highway Traffic Safety Administration ("NHTSA") to detect impairment from alcohol, observed clues but did not determine impairment, and then administered two additional tests to detect impairment from marijuana. Per Trooper Fowler's testimony at the hearing, he had Ms. Johnson perform the NHTSA-approved horizontal gaze nystagmus ("HGN") test first and observed four out of six possible clues for impairment. Next, Trooper Fowler administered a lack of convergence test and observed signs of impairment from marijuana. Third, Trooper Fowler administered the Modified Romberg test and observed that Ms. Johnson was within the margin of error for that test. Fourth, Trooper Fowler had Ms. Johnson perform the NHTSA-approved walk-and-turn test and testified that he observed four out of eight clues for impairment. The fifth test Trooper Fowler administered to Ms. Johnson was the NHTSA-approved one-leg stand, and he testified that he observed three out of four clues for impairment on that test. Finally, Trooper Fowler asked Ms. Johnson to recite the alphabet from letters "C" through "X". Thus, the trial court's rendition of the field sobriety tests is not supported by competent credible evidence.

{¶13} Second, the trial court's finding that Trooper Fowler found clues on all three NHTSA-approved tests, but that he did not conclude Ms. Johnson was an impaired driver based on these tests alone, is not supported by the record. Trooper Fowler testified that, "at the beginning, [he] did detect the alcohol, so she did have some alcohol into her system, but more or less she's probably more impaired off the marijuana than alcohol, because I got four of six clues." Trooper Fowler agreed that it was his belief that Ms. Johnson had "some impairment from alcohol, but also impairment from marijuana[.]" Thus, while Trooper Fowler believed that Ms. Johnson was primarily impaired by marijuana, there is no evidence in the record to support the trial court's finding that Trooper Fowler had not determined Ms. Johnson was impaired based solely on the HGN, walk-and-turn, and one-leg stand tests.

{¶14} Third, the trial court inaccurately described the "two additional tests" as "the Romberg's test and an alphabet test[,]" and then indicated that the additional tests did not show impairment. The record reflects that, in addition to the NHTSA-approved tests, Trooper Fowler administered the "Modified Romberg" and the "lack of convergence" tests. As stated above, the trial court noted that Trooper Fowler observed Ms. Johnson perform the Modified Romberg test within the correct time frame. Significantly, however, the trial court omitted from its analysis any mention of the lack of convergence test and Ms. Johnson's performance on that test. As to the lack of convergence test, Trooper Fowler testified that "when someone is not impaired on marijuana, their eyes should cross automatically. With [Ms. Johnson's eyes] they both didn't cross and she said (inaudible), which is a sign of impairment of marijuana." Describing Ms. Johnson's performance, Trooper Fowler stated "[b]oth eyes had converged on two separate occasions" and "[h]er eyes shot out * * * [t]hey went across and then stayed inward." Trooper Fowler testified that, in addition to the two aforementioned tests, he also gave Ms. Johnson the alphabet test.

Although he did testify that Ms. Johnson "didn't do it correctly[,]" Trooper Fowler also stated that he did not rely on the alphabet test because he "already made [his] decision before that."

{¶15} Additionally, the trial court's finding that Trooper Fowler did not testify to any other observations that showed Ms. Johnson to be impaired disregards evidence in the record. Trooper Fowler testified that, in addition to detecting the odor of alcohol, he also detected the smell of burnt marijuana. Trooper Fowler testified that he observed a greenish tint and raised taste buds on Ms. Johnson's tongue, which is a sign of impairment from marijuana. This Court is unable to determine whether the trial court inadvertently omitted any mention of Trooper Fowler's observations as to impairment, or if the trial court discounted his testimony and failed to mention that in its analysis.

{¶16} In light of the trial court's omission of facts relevant to its analysis, in addition to the trial court's factual findings that are contradicted by the record, this Court cannot conclude that the trial court's findings of fact are supported by competent, credible evidence. *See Soto*, 2017-Ohio-4348 at ¶ 10. Consequently, we must conclude that the trial court erred by granting the motion to suppress upon the analysis set forth in its decision. Furthermore, "[b]ecause the trial court has failed to adequately set forth its findings of fact, this Court cannot properly apply the law." *Id*. at ¶ 17. Accordingly, this Court remands the matter to the trial court to adequately state its findings and to resolve any discrepancies in its assessment of the evidence. In doing so, the trial court shall include any relevant omitted facts and ensure that its findings conform to the competent credible evidence of record.

{¶17} Therefore, the State's assignment of error is sustained.

III.

{¶18} The State's assignment of error is sustained. The judgment of the Akron Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
Cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellant.

ANGELA M. KILLE, Attorney at Law, for Appellee.