[Cite as *State v. Opheim*, 2025-Ohio-1211.]

STATE OF OHIO          )          IN THE COURT OF APPEALS
                       )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN       )

STATE OF OHIO                     C.A. No.     23CA012048

    Appellee

    v.                           APPEAL FROM JUDGMENT
                                 ENTERED IN THE
SCOTT OPHEIM                      LORAIN MUNICIPAL COURT
                                 COUNTY OF LORAIN, OHIO
    Appellant                    CASE No.    2022 TRC 01214

DECISION AND JOURNAL ENTRY

Dated: April 7, 2025

HENSAL, Judge.

**{¶1}** Scott Opheim appeals his conviction by the Lorain Municipal Court. This Court reverses.

I.

**{¶2}** On March 8, 2022, at approximately 8:15 p.m., a Lorain police officer responded to a call regarding an accident near the intersection of Kolbe and Jaeger Roads in Lorain. The officer learned that a vehicle had left the scene of the accident and a license plate number was provided over the radio. Instead of traveling to the scene, the officer ran the license plate to obtain registration information. The license plate was registered to Mr. Opheim, so the officer drove to Mr. Opheim's address. There, the officer found a Kia Forte with new front-end damage parked outside the residence. The license plate matched the number that he had been provided.

**{¶3}** While speaking with Mr. Opheim, the officer noticed the smell of alcohol on his person and observed that Mr. Opheim seemed unsteady. Mr. Opheim acknowledged that he had

driven the car home. He did not specify when he had done so, and he did not mention the front-end damage. Mr. Opheim declined to complete the field sobriety tests, so the officer transported him to the Amherst Police Department to administer a breath test. Mr. Opheim declined that test as well. Mr. Opheim was charged with operating a vehicle while under the influence of alcohol, driving left of center, and leaving the scene of an accident. He moved to suppress testimony related to the officer's observations of his condition and all statements that he made. Specifically, Mr. Opheim argued that the officer did not have a reasonable articulable suspicion of criminal activity that justified an investigatory stop, that the officer did not have probable cause to arrest him, and that the officer did not advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). The trial court denied the motion to suppress.

{¶4} Mr. Opheim pleaded no contest to driving with a prohibited concentration of alcohol in his blood, driving left of center, and failure to stop after an accident. The trial court sentenced him to two consecutive 180-day jail terms, imposed an aggregate fine of $1,100, and suspended his driver's license for five years. Mr. Opheim appealed, asserting two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT DENIED MR. OPHEIM'S MOTION
TO SUPPRESS.

{¶5} Mr. Opheim's first assignment of error argues that the trial court erred by denying his motion to suppress the officer's observations about him and statements that he made to the officer. With respect to two of Mr. Opheim's arguments – that the officer did not have reasonable articulable suspicion to support an investigative stop based solely upon an anonymous tip and that the officer coerced him to make statements that implicated himself – this Court notes that he did

not raise these arguments in his motion to suppress. These arguments are forfeited for purposes of appeal. *See State v. Lanik*, 2013-Ohio-361, ¶ 12 (9th Dist.). Mr. Opheim's remaining arguments are that his statements should have been suppressed because the officer did not inform Mr. Opheim of his *Miranda* rights and arrested him without probable cause.

{¶6} This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 2003-Ohio-5372, ¶ 8. The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact. Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence. *Burnside* at ¶ 8. Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo. *See id.*

{¶7} When this Court determines that a trial court's findings of fact are supported by competent, credible evidence, we then accept the trial court's findings of fact as true and "independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Burnside* at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist. 1997). If a trial court fails to make findings of fact, this Court cannot conduct the review required by *Burnside* because we "cannot determine the extent to which the facts in the record were considered by the trial court." *State v. Anderson*, 2023-Ohio-2364, ¶ 34 (9th Dist.), quoting *State v. Purefoy*, 2017-Ohio-79, ¶ 18 (9th Dist.). In those circumstances, this Court must "remand [the] matter for the trial court to make factual findings and then address the motion to suppress in the first instance." *Purefoy* at ¶ 18.

{¶8} In this case, with respect to the question of whether Mr. Opheim was in custody when he was questioned by the officer, the trial court wrote only that "[t]he conversation had

between [the officer] and [Mr. Opheim] at [his] home was not a custodial interrogation for purposes of [Mr. Opheim's] Miranda rights." The trial court did not make any factual findings – in its order denying the motion to suppress or on the record – that supported this conclusion. Consequently, with respect to the question of whether Mr. Opheim's statements should have been suppressed because he did not receive notice of his *Miranda* rights, this Court must sustain his assignment of error and remand this matter to the trial court to make findings of fact and address the motion to suppress in the first instance. *See Purefoy* at ¶ 18. Because Mr. Opheim's second argument is related to his first, that argument is premature at this time.

**ASSIGNMENT OF ERROR II**

> THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING MR. OPHEIM TO A DISPROPORTIONATE SENTENCE THAT DOES NOT SERVE THE PURPOSES OF MISDEMEANOR SENTENCING.

{¶9} Mr. Opheim's second assignment of error challenges the sentence that the trial court imposed. Given this Court's resolution of his first assignment of error, his second assignment of error is premature.

III.

{¶10} Mr. Opheim's first assignment of error is sustained in part and premature in part. His second assignment of error is premature. The judgment of the Lorain Municipal Court is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

5

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

 

JENNIFER HENSAL
FOR THE COURT


CARR, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

MICHAEL STEPANIK, Attorney at Law, for Appellant.

SCOTT A. BOWLES and ROCKY A. RADEFF, Prosecuting Attorneys, for Appellee.