[Cite as *State v. Flack*, 2022-Ohio-3861.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF WAYNE | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 22AP0021 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ZACHARY FLACK | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | CASE No. 2021 CRC-I 331 |

DECISION AND JOURNAL ENTRY

Dated: October 31, 2022

HENSAL, Presiding Judge.

{¶1} Appellant, the State of Ohio, appeals from the decision of the Wayne County Court of Common Pleas, granting a motion to suppress filed by Appellee, Zachary Flack. This Court reverses.

I.

{¶2} Mr. Flack's ex-girlfriend's mother called the Wooster Police Department to report that Mr. Flack had violently raped her daughter and had used his cell phone to record the incident. Detective Juan McCloud interviewed Mr. Flack, and Mr. Flack indicated that he and his ex-girlfriend had engaged in consensual sexual conduct. Though Mr. Flack admitted that he had recorded some of the incident on his cell phone, he claimed he had since deleted the recording.

{¶3} Detective McCloud later interviewed Mr. Flack's current girlfriend. During her interview, the girlfriend said Mr. Flack had "video proof" to support his version of the events. The detective understood her statement to mean that Mr. Flack had not, in fact, deleted the recording

of the incident from his cell phone. The detective then asked the current girlfriend to call Mr. Flack on speakerphone so they could discuss the recording.

{¶4} Mr. Flack was at work when his girlfriend and Detective McCloud called. When Detective McCloud asked Mr. Flack about the recording, Mr. Flack indicated that he had chosen not to share it because it made him "look bad[.]" He informed the detective that he had not filmed his ex-girlfriend's consent, so the recording "looked very violent" and "more like hate sex" than a consensual act. After Detective McCloud explained that the recording was evidence in his investigation, he told Mr. Flack he was coming to collect Mr. Flack's phone.

{¶5} Mr. Flack invoked his right to counsel when Detective McCloud arrived. The detective then seized his cell phone and brought it back to the police station. While drafting a request for a warrant to search the contents of the phone, Detective McCloud activated the phone to obtain its phone number and serial number. He discovered that the phone was "in setup mode[,]" meaning that it appeared to have been restored to its factory settings.

{¶6} Once Detective McCloud obtained a search warrant for the contents of the phone, he submitted it to the Bureau of Criminal Investigation ("BCI") for analysis. BCI confirmed that the phone had "been wiped clean" around the time Detective McCloud was traveling to Mr. Flack's workplace to retrieve it. Following BCI's analysis, Mr. Flack was charged with one count of tampering with evidence.

{¶7} Mr. Flack filed a motion to suppress. Relevant to this appeal, he challenged the warrantless seizure of his cell phone and further alleged that Detective McCloud had performed a warrantless search when he activated the phone at the police station. The trial court held a suppression hearing and heard arguments from both parties. At the conclusion of the hearing, the court found that Detective McCloud violated Mr. Flack's constitutional rights when he seized his

cell phone. The court found that the detective did not have a warrant for the seizure and no exceptions to the warrant requirement applied. Thus, the court granted Mr. Flack's motion to suppress.

{¶8} The State now appeals from the trial court's suppression ruling in favor of Mr. Flack and raises one assignment of error for review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING MR. FLACK'S MOTION TO SUPPRESS ON THE BASIS THAT THE SEIZURE OF MR. FLACK'S PHONE VIOLATED THE CONSTITUTIONAL PROTECTIONS REGARDING SEARCH AND SEIZURE.

{¶9} In its sole assignment of error, the State argues that the trial court erred when it granted Mr. Flack's motion to suppress on the basis that Detective McCloud engaged in an unconstitutional seizure. We agree.

{¶10} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997). Thus, this Court grants deference to the trial court's findings of fact but conducts a de novo review of whether

the trial court applied the appropriate legal standard to those facts. *State v. Booth*, 151 Ohio App.3d 635, 2003-Ohio-829, ¶ 12 (9th Dist.).

{¶11} The Fourth Amendment requires searches and seizures to "be based upon probable cause and executed pursuant to a warrant." *State v. Moore*, 90 Ohio St.3d 47, 49 (2000). Yet, the United States Supreme Court has recognized that "it is not unreasonable [for police] to seize property on the basis of probable cause for the time necessary to secure a warrant." *State v. Swartz*, 9th Dist. Summit No. 14514, 1990 WL 131733, *1 (Sept. 12, 1990), citing *Segura v. United States*, 468 U.S. 796, 806 (1984). "Different interests are implicated by a seizure than by a search." *Segura* at 806. While searches implicate a person's right to privacy, seizures are usually considered "less intrusive" because they only affect a person's possessory interests. *Id.* Given that distinction, "society's interest in the discovery and protection of incriminating evidence from removal or destruction can supersede, at least for a limited time, a person's possessory interest in property, provided that there is probable cause to believe that the property is associated with criminal activity." *Swartz* at *1, citing *Segura* at 808.

{¶12} The trial court found that Detective McCloud began investigating Mr. Flack regarding a report of sexual assault. Although Mr. Flack initially denied that he had a recording of the alleged sexual assault on his cell phone, the court found, further investigation revealed that Mr. Flack "might have lied." The court found that Detective McCloud contacted Mr. Flack, told him he wanted his cell phone, and drove to Mr. Flack's workplace to collect it. The detective then seized the phone. The trial court found that "the seizure of the phone from [Mr. Flack] at his worksite without a warrant violated the constitutional protections regarding search and seizure. And, furthermore, that none of the exceptions to the warrant requirement apply." Based on those findings, the court granted Mr. Flack's motion to suppress.

{¶13} The State argues that the trial court erred when it granted Mr. Flack's motion to suppress. First, the State argues that the trial court failed to include its essential findings on the record. According to the State, the trial court's decision was conclusory and should be reversed for the court to issue "more specific essential facts and conclusions of law." Second, the State argues that the trial court erred when it determined that the seizure of Mr. Flack's cell phone violated his constitutional rights. Because Detective McCloud had probable cause to believe the phone contained evidence of a crime and the State had a legitimate interest in preserving that evidence until a warrant could be obtained, the State argues, Detective McCloud was justified in seizing the phone until he could secure a warrant to search its contents.

{¶14} Although the suppression ruling herein contains minimal factual findings, the trial court did not fail to make any necessary findings so as to hinder appellate review. *Compare State v. Perez*, 9th Dist. Lorain No. 19CA011461, 2020-Ohio-530, ¶ 7. The trial court found that Detective McCloud seized Mr. Flack's cell phone because he suspected it contained evidence of a crime. The court ruled in Mr. Flack's favor based solely on its conclusion that Detective McCloud did not have a warrant for that seizure and no exception to the warrant requirement applied. Because the court's ruling contains adequate findings to allow for appellate review, this Court rejects the State's argument that this matter should be reversed and remanded for the trial court to issue additional findings.[1]

---

[1] We note that any suppression issues Mr. Flack raised related to the search of his cell phone fall outside the scope of our review. The trial court granted Mr. Flack's motion to suppress based strictly on Detective McCloud's having engaged in an unconstitutional seizure. Thus, we limit our review to that issue.

{¶15} The State has not challenged any individual findings of the trial court, and the record supports the conclusion that its findings are based on competent, credible evidence. Detective McCloud testified that he seized Mr. Flack's cell phone because he believed it contained evidence of a crime and he wanted to preserve that evidence while he applied for a warrant to search the contents of the phone. Accordingly, this Court will accept the foregoing findings as true and limit our review to the trial court's legal conclusions. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8.

{¶16} The record does not support the trial court's conclusion that Detective McCloud violated Mr. Flack's rights by engaging in an unconstitutional seizure. As previously noted, "it is not unreasonable [for police] to seize property on the basis of probable cause for the time necessary to secure a warrant." *Swartz*, 1990 WL 131733, at *1, citing *Segura*, 468 U.S. at 806. Detective McCloud had probable cause to believe Mr. Flack's cell phone contained evidence relevant to his investigation based on his interview with Mr. Flack's current girlfriend and his telephone conversation with her and Mr. Flack. He also had probable cause to believe Mr. Flack had already lied about the existence of the recording on his phone, as he initially claimed to have deleted it. While Mr. Flack had a possessory interest in his phone, "society's interest in the discovery and protection of incriminating evidence from removal or destruction can supersede, at least for a limited time, a person's possessory interest in property, provided that there is probable cause to believe that the property is associated with criminal activity." *Swartz* at *1, citing *Segura* at 808. Because Detective McCloud had probable cause to temporarily seize Mr. Flack's cell phone for the purpose of securing a warrant, the seizure he conducted was justified. *See Segura* at 806-808; *State v. Cunningham*, 2d Dist. Clark No. 10-CA-57, 2012-Ohio-2794, ¶ 28-30 (upholding seizure of cell phone until search warrant could be obtained). *See also Riley v. California*, 573 U.S. 373,

388 (2014) (noting that defendants made "sensible concession" that officers could seize and secure their cell phones to prevent destruction of evidence while seeking a warrant). The State's sole assignment of error is sustained on that basis.

III.

**{¶17}** The State's sole assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

DANIEL R. LUTZ, Prosecuting Attorney, and DAVID FOLK, Assistant Prosecuting Attorney, for Appellant.

COLE F. OBERLI, Attorney at Law, for Appellee.